ROY NOBLE LEE, Chief Justice,
for the Court:
Bobby G. Rakestraw has appealed from a judgment entered in the Chancery Court of Pontotoc County involving custody rights of two children of the parties, support for them, and money judgment in favor of Dianne C. Rakestraw, who was granted a divorce on the ground of habitual cruel and inhuman treatment. Rakestraw assigns the following errors in the trial below:
I.
THE CHANCELLOR ERRED IN FAILING TO GIVE BOBBY REASONABLE VISITATION RIGHTS.
II.
THE CHANCELLOR ERRED IN REFUSING TO SET ASIDE THE EX PARTE JUDGMENT.
III.
THE LOWER COURT ERRED IN NOT REDUCING BACK CHILD SUPPORT FROM THE TIME DIANNE ABSCONDED WITH THE CHILDREN TO NORTH CAROLINA, AND FOR THE TIME DURING WHICH SHE DELIBERATELY DISOBEYED THE ORIGINAL DECREE BY REFUSING TO PERMIT VISITATION.
IV.
THE CHANCELLOR ERRED IN REFUSING TO HOLD DIANNE IN CONTEMPT FOR HER VIOLATION OF THE 1986 TEMPORARY DECREE.
The parties married on June 3, 1972, in Union County, Mississippi, and cohabited as husband and wife until February 11, 1983. Bom to the marriage were Christopher Aaron Rakestraw, January 7, 1979, and Patrick Glen Rakestraw, August 12, 1980. The suit for divorce was filed February 22, 1983, on the ground of habitual drunkenness and, in the alternative, irreconcilable differences.
In February, 1983, appellant admitted himself to The Pines, an alcohol rehabilitation center in Lowndes County. During that period, he was personally served with process on appellee’s complaint for divorce. Following his confinement at The Pines and prior to any court order, appellant seized the two children on June 3, 1983, and absconded from the State of Mississippi. Five days after the appellant fled with the children, the chancellor granted appellee temporary relief, including custody of the children, and, on June 21, 1983, entered a writ of assistance in favor of Anne directing Bobby to turn the children over to the mother. Appellant was able to evade apprehension for a period of seventeen (17) months and, during that period of time, travelled and resided in approximately seven (7) states. A chronology of the court proceedings follows:
(1) Petition for divorce filed — February 22, 1983
(2) Personal service over Bobby — February 25, 1983
(3) Bobby fled state with children — June 3, 1983
(4) Temporary order in favor of Diane— June 8, 1983
(5) Writ of assistance — June 21, 1983
(6) Contempt order issued — August 8, 1983
(7) Divorce decree entered — September 12, 1983
(8) New Order for Contempt — February 8, 1984
(9) Bobby arrested in Tulsa, Oklahoma; Kids returned to Dianne — October, 1984
(10) Ex Parte Petition — July 10, 1985
(11) Judgment on Ex Parte Petition — August 12, 1985
(12) Hearing to Dispose of Disputes— December 18, 1986
(13) Ruling of Court — December 22,1986
In October, 1984, appellant was arrested in Tulsa, Oklahoma, and the children were finally returned to their mother. On July 10, 1985, appellee filed a petition requesting relief in the form of a money judgment for the expenses incurred in locating and gaining custody of her children, based upon *176 the provisions of the court decree, which follow:
Defendant shall be liable for all costs incurred by wife as a result of said breach, including, but not limited to, court costs, attorney’s fees, investigatory expenses, travel and all other related and incidental expenses incurred by the plaintiff in any efforts to so locate said children and cause their return unto her. In the event of said breach, defendant’s right of visitation shall be subject to cessation.
The chancellor specifically retained jurisdiction over the matter in the divorce decree and based on the above provision, he entered judgment against appellant for fifteen thousand dollars ($15,000). On the December 18, 1986, hearing, the chancery court disposed of the disputes between the parties and held (1) appellant was found in willful contempt for failing to pay back child support in the amount of $3,996.59; (2) motion to set aside the $15,000 judgment was overruled; and (3) the court set visitation rights for Bobby and required him to post a ne exeat bond to maintain his presence in the state. Before posting the bond, appellant was allowed one week’s visitation with the children during the 1986 Christmas season, with the children staying at their grandparents’ house overnight. During the 1987 summer, he was to have the children for a two-week period, with them staying at their grandparents’ at night, and Christmas of 1987, he could have the first overnight visitation with them. Appellee was then living in North Carolina and appellant was given permission to go there and visit the children, provided he gave two weeks’ notice. He was permitted to deduct those travel expenses from his delinquent child support. The children were permitted to stay with him overnight after Christmas, 1987.
I.-IV.
Appellant contends (1) that the chancellor’s ruling concerning visitation amounts to punishment inflicted upon him by the chancellor for his wrongdoing in leaving the state with the children and cites Crowson v. Moseley, 480 So.2d 1150 (Miss.1985).
It is evident from the record that the chancellor was concerned about the fact that appellant absconded from the State of Mississippi with the two young children (babies) and evaded apprehension for a period of seventeen months. Only after he was arrested by law enforcement officials in Oklahoma and encarcerated was it possible to return the children to the State of Mississippi. The court, in its ruling, said:
It is a serious case. The man left the court; his father came in and told me he wasn’t ever coming back. Anounced it in open court in Pontotoc.
******
But what worries me most in this case is originally, he grabbed his children out of the school yard and ran off with them, when suit was pending in this court. I made every effort to try to get him back here. I was worried that he would never come back. I am not sure he ever would have. The natural mother went to great expense and through a lot of mental anguish, finally located her children with the help of the police, and she went out there and brought them back.
Without question, the chancellor was authorized to limit visitation in an effort to insure that the children remained in the state and to require appellant to prove his trustworthiness in that regard. At the time of this appeal, the chancellor had relaxed his restrictions and appellant had more freedom of custody. The chancellor was taking the best interest of the children to heart and mind when making his ruling, and it is supported by substantial credible evidence. See Anderson v. Burt, 507 So. 2d 32, 36 (Miss.1987); Norris v. Norris, 498 So.2d 809, 814 (Miss.1986).
Assigned error I is rejected.
Appellant next contends that the lower court erred in refusing to set aside the judgment in the sum of $15,000, claiming that there was no personal service of process on him with reference to the judgment.
Original personal service was had upon the appellant and the divorce was granted, *177 the court specifically retaining jurisdiction of the entire matter for all purposes. The record reflects that while the matter was pending on the petition for judgment, the appellant was in contact with his relatives in Pontotoc County and surrounding areas, who kept him informed of the proceedings; that he made a special secretive trip back to Mississippi and to the Pontotoc County area where he consulted with an attorney about the proceedings, and then stealthily left the area again without contacting ap-pellee or her representatives; and that the amount of the judgment was supported by the evidence.
We are of the opinion that the judgment was founded upon valid personal jurisdiction of the appellant and was supported by the evidence, and should be affirmed by the Court.
Assigned error II is rejected.
Appellant contends (3) that the lower court erred in declining to reduce back child support from the time that ap-pellee moved to North Carolina with the children and that she disobeyed the original decree of the court by refusing to permit visitation, and (4) that the lower court erred in refusing to hold appellee in contempt for violation of the 1986 temporary decree.
We have examined the record and briefs relating to those assigned errors and are of the opinion that there is no merit in them. Therefore, they are rejected.
The judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.
DAN M. LEE, P.J., concurs with assignments I, III and IV, but dissents without written opinion to assignment II.